Slip Op. 15-55

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **HUTCHISON QUALITY FURNITURE, INC.,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**UNITED STATES,**<br><br>    **Defendant.** | Before: Claire R. Kelly, Judge<br><br>Court No. 14-00248 |

## OPINION

[Granting Defendant's motion to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction.]

Dated: June 9, 2015

John M. Peterson, Richard F. O'Neill, Russell Andrew Semmel, Neville Peterson, LLP, of New York, NY, for Plaintiff.

Stephen Carl Tosini, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant. With him on the brief were Joyce R. Branda, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of counsel on the brief was Shana Ann Hofstetter, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

      Kelly, Judge: This matter is before the court on Defendant's, United States, motion to dismiss. Plaintiff, Hutchison Quality Furniture, Inc. ("Plaintiff" or "Hutchison"), argues the court has 28 U.S.C. § 1581(i) (2012)[1] jurisdiction because the U.S. Department of Commerce's ("Commerce") actions resulted in Plaintiff's entries being deemed liquidated.

---

[1] Further citations to Title 28 of the U.S. Code are to the 2012 edition.

Defendant argues the court lacks subject-matter jurisdiction because Plaintiff failed to avail itself of adequate judicial remedies under 28 U.S.C. § 1581(a). Alternatively, Defendant argues that Plaintiff has failed to state a claim.[2] The court finds that it lacks subject-matter jurisdiction to hear Plaintiff's claim and dismisses Plaintiff's complaint for the reasons set forth below.[3]

---

[2] The court cannot reach the issue of whether Plaintiff has failed to state a claim because the court lacks subject-matter jurisdiction over Plaintiff's claim for the reasons set forth in this opinion.

[3] American Furniture Manufacturers Committee for Legal Trade ("AFMC") and Vaughan-Bassett Furniture Company, Inc. (collectively "Proposed Intervenors" or "Amicus Curiae") moved to intervene as defendant-intervenors in this action. See Partial Consent Mot. Intervene, Dec. 4, 2014, ECF No. 11. Plaintiff opposed this motion. See Mem. Hutchison Quality Furniture, Inc. Opp'n Mot. Intervene, Dec. 23, 2014, ECF No. 16. Thereafter, the court issued a Memorandum and Order deferring decision on intervention until after the court ruled on Defendant's Motion to Dismiss and allowing Proposed Intervenors to participate as Amicus Curiae. See Memorandum & Order, Dec. 31, 2014, ECF No. 17. Because the court dismisses this action with prejudice, Amicus Curiae's pending motion for leave to intervene in this action is denied as moot. Defendant adequately represents Amicus Curiae's interest with respect to whether subject-matter jurisdiction exists to hear Plaintiff's claim if any appeal is taken to the U.S. Court of Appeals for the Federal Circuit. Moreover, Amicus Curiae may, pursuant to Federal Rule of Appellate Procedure 29, seek to file an amicus-curiae brief with the Court of Appeals.

Court No. 14-00248　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

## BACKGROUND

Hutchison, an importer of furniture, entered merchandise as G.S. Sales Inc. ("G.S. Sales"), produced by Tianjin First Wood Co. ("Tianjin First"), a Chinese producer, and exported by Orient International Holding Shanghai Foreign Trade Co., Ltd. ("Orient International").  Compl. ¶¶ 11–12, Oct. 7, 2014, ECF No. 6 ("Pl.'s Compl.").  Hutchison's entries were subject to the third administrative review of the antidumping order on wooden bedroom furniture from the People's Republic of China, covering entries made in 2007.  See Wooden Bedroom Furniture from the People's Republic of China, 74 Fed. Reg. 41,374 (Dep't Commerce Aug. 17, 2009) (final results of antidumping duty administrative review and new shipper reviews).  Orient International filed suit in this Court contesting the results of the third administrative review and obtained an injunction against liquidation of its entries on September 9, 2009.  See Pl.'s Compl. ¶¶ 21, 25, 28, Ex. A.  The injunction provided "that the entries subject to this injunction shall be liquidated in accordance with the final court decision in this action, including all appeals, as provided in 19 U.S.C. § 1516a(e)."  Pl.'s Compl. Ex. A at 2.

The court consolidated Orient International's action with five other actions contesting the results of the third administrative review.  Pl.'s Compl. ¶ 32.  After several remands, the court sustained Commerce's third remand results on February 5, 2013.  See Lifestyle Enter., Inc. v. United States, 37 CIT __, __, 896 F. Supp. 2d 1297, 1299 (2013).  In early April, two parties to the consolidated action filed notices of appeal, not including Orient International.  Pl.'s Compl. ¶ 38.

On June 13, 2013, the Lifestyle court granted an unopposed motion made by one of the Proposed Intervenors in this case, AFMC, to sever and deconsolidate three of the previously consolidated actions, including Orient International's action. See Pl.'s Compl. ¶¶ 47–48. The court further ordered that Orient International's injunction was "hereby dissolved [amended as follows] . . . all entries exported by Orient International Holding Shanghai Foreign Trade Co., Ltd. and Dream Rooms Furniture (Shanghai) Co., Ltd. shall be liquidated without delay in accordance with this Court's February 5, 2013 final judgment for the period January 1, 2007 to December 31, 2007 . . . ." Id. ¶ 48 (citations omitted).

In a message dated June 25, 2013, Commerce issued instructions to U.S. Customs and Border Protection ("Customs" or "CBP") to liquidate entries of furniture exported by Orient International during 2007 at a final rate of 83.55%. See Pl.'s Compl. ¶ 50, Ex. B at 2–3. In September 2013, CBP liquidated the entries imported by Plaintiff at the rates provided in these instructions. Id. ¶ 52.

Plaintiff challenges the validity of Commerce's liquidation instructions. It alleges that the merchandise at issue here was deemed liquidated six months following the Feburary 5, 2013 judgment in Lifestyle. As a result, it contends that "the Liquidation Instructions [that] list June 13, 2007 as the 'effective date' on which the suspension of liquidation of the subject entries was dissolved," are in fact invalid. Pl.'s Compl. ¶ 2. Plaintiff explains that it "seeks a declaratory judgment that entries covered by the challenged liquidation instructions, and not affirmatively liquidated by [CBP] within six (6) months of February 5, 2013 are deemed liquidated by operation of law . . . ." Id. ¶ 3.

## JURISDICTION

"The Court of International Trade, like all federal courts, is a court of limited jurisdiction." See Sakar Int'l, Inc. v. United States, 516 F.3d 1340, 1349 (Fed. Cir. 2008). A party invoking the court's jurisdiction bears the burden of establishing it and may not expand jurisdiction by creative pleading. Norsk Hydro Can., Inc. v. United States, 472 F.3d 1347, 1355 (Fed. Cir. 2006). It is well-settled that a party may not invoke jurisdiction under § 1581(i) "when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987) (citations omitted). Thus, the court must look to the "true nature of the action" to determine whether jurisdiction under § 1581(i) exists. Norsk Hydro Can., 472 F.3d at 1355.

## DISCUSSION

As indicated above, Plaintiff claims jurisdiction exists pursuant to 28 U.S.C. § 1581(i), the Court of International Trade's residual jurisdiction, which provides:

> (i) In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)-(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for--
>
>   (1) revenue from imports or tonnage;
>   (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;
>   (3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or

> (4) administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of this subsection and subsections (a)-(h) of this section.
>
> This subsection shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable either by the Court of International Trade under section 516A(a) of the Tariff Act of 1930 or by a binational panel under article 1904 of the North American Free Trade Agreement or the United States-Canada Free-Trade Agreement and section 516A(g) of the Tariff Act of 1930.

28 U.S.C. § 1581(i). The true nature of Plaintiff's claim involves a protestable CBP decision regarding liquidation and/or deemed liquidation, therefore § 1581(a) jurisdiction would not have been manifestly inadequate.

Plaintiff asserts in its single count that its entries were deemed liquidated by operation of law pursuant to Section 504(d) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1504(d) (2012).[4] See Pl.'s Compl. ¶ 58. Plaintiff's "deemed liquidation" theory is that the Lifestyle court's February 5, 2013 judgment was a final court decision and constituted notice to CBP triggering the six month period specified in § 1504(d). Id. ¶¶ 53–58. However, a decision by CBP as to liquidation is a protestable decision regardless of whether the Lifestyle court's judgment constituted a final court decision or whether the court's judgment constituted notice to CBP starting the six month period in § 1504(d). While CBP makes no decision as to the substance of Commerce's instructions, i.e., antidumping duty rates, the decision as to when to implement those instructions through the process of liquidation belongs to CBP. See, e.g., Cemex, S.A. v. United States, 384

---

[4] Further citations to the Tariff Act of 1930, as amended, are to the relevant portions of Title 19 of the U.S. Code, 2012 edition.

F.3d 1314, 1324 (Fed. Cir. 2004) (footnotes omitted) (explaining that Customs makes no decision in calculating antidumping duties, but makes a decision regarding liquidation). As stated, Plaintiff's theory of its case is that the Lifestyle court's judgment constituted notice to CBP under § 1504(d).

> Section 1504(d) provides:
>
> (d) Removal of suspension
> Except as provided in section 1675(a)(3) of this title, when a suspension required by statute or court order is removed, the Customs Service shall liquidate the entry, unless liquidation is extended under subsection (b) of this section, within 6 months after receiving notice of the removal from the Department of Commerce, other agency, or a court with jurisdiction over the entry. Any entry (other than an entry with respect to which liquidation has been extended under subsection (b) of this section) not liquidated by the Customs Service within 6 months after receiving such notice shall be treated as having been liquidated at the rate of duty, value, quantity, and amount of duty asserted by the importer of record or (in the case of a drawback entry or claim) at the drawback amount asserted by the drawback claimant.

19 U.S.C. § 1504(d).  Section 1514(a)(5) specifically identifies decisions under § 1504(d) as protestable decisions.  It provides that CBP decisions,

> including the legality of all orders and findings entering into the same, as to--
>
> . . .
>
> (5) the liquidation or reliquidation of an entry, or reconciliation as to the issues contained therein, or any modification thereof, including the liquidation of an entry, pursuant to either section 1500 of this title or section 1504 of this title;
>
> . . .
>
> shall be final and conclusive upon all persons . . . unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of

>International Trade in accordance with chapter 169 of Title 28 within the time prescribed by section 2636 of that title.

19 U.S.C. § 1514(a)(5). Pursuant to 19 U.S.C. § 1515, CBP reviews protests of CBP decisions listed in 19 U.S.C. § 1514 and the Court of International Trade reviews actions contesting the denial of such protests under its 28 U.S.C. § 1581(a) jurisdiction. Therefore, under 19 U.S.C. § 1514(a)(5), Plaintiff could have protested the liquidation based upon a claim that the goods had already been deemed liquidated and contested the denial of such protest under 28 U.S.C. § 1581(a). In fact, Plaintiff protested CBP's liquidation of its entries, alleging the entries were not covered by the scope of the antidumping duty order, but Plaintiff did not file a claim contesting the denial of its protest. As of the date CBP liquidated Plaintiff's entries, Plaintiff could have filed a protest under § 1514(a)(5) claiming that the entries had already been deemed liquidated by operation of law. Plaintiff did not allege these grounds in the protest it filed with CBP. Thus, Plaintiff's claim must be dismissed for lack of jurisdiction because a remedy under § 1581(a) would not have been manifestly inadequate.

The U.S. Court of Appeals for the Federal Circuit addressed deemed liquidation claims in Fujitsu Gen. Am., Inc. v. United States., 283 F.3d 1364, 1373–76 (Fed. Cir. 2002). In Fujitsu, the plaintiff argued that the Court of International Trade had § 1581(i) jurisdiction to review its untimely protested deemed liquidation claims. Id. After its entries were liquidated, the plaintiff filed protests challenging the interest Customs assessed on its entries. Id. at 1369. The plaintiff later argued to Customs that its entries had, in fact, been deemed liquidated by operation of law under 19 U.S.C. § 1504(d) and should have

been liquidated at the rate asserted at the time of entry. Id. at 1369–70. The plaintiff's deemed liquidation theory was rejected because the plaintiff "could have invoked the jurisdiction of the Court of International Trade under 28 U.S.C. § 1581(a) if, pursuant to 19 U.S.C. § 1514(a)(5), it had timely protested the liquidations . . . ." Id. at 1374. At the time of Fujitsu, the clause "including the liquidation of an entry, pursuant to either section 1500 or section 1504 of this title" was not in 19 U.S.C. § 1514, and, yet, the Court of Appeals held that decisions as to deemed liquidation were protestable and not subject to § 1581(i) jurisdiction. The subsequent amendment of the statute to explicitly include "section 1504" in the text only confirmed the Court of Appeals' holding. See Alden Leeds Inc. v. United States, 476 Fed. App'x 393, 397 (Fed. Cir. 2012).

Plaintiff responds that it seeks a declaratory judgment to the effect that Commerce's liquidation instructions erroneously stated the date the Lifestyle court's injunction was lifted "and consequential relief declaring Customs' tardy liquidations to be barred by § 1504(d) . . . ." Resp. Mem. Hutchison Quality Furniture, Inc. Opp'n Def.'s Mot. Dismiss 14, Mar. 27, 2015, ECF No. 29 ("Pl.'s Resp."). It argues that "Customs lacked authority to hold an action of Commerce invalid in connection with its consideration of any protest filed under 19 U.S.C. § 1514 . . . ." Id. at 15. This argument is unavailing because, as discussed above, the true nature of Plaintiff's claim is a challenge to CBP's decision to liquidate. CBP decides when to liquidate merchandise. Plaintiff's theory of the case is that Customs did not need to wait for liquidation instructions from Commerce because, per § 1504(d), Customs had already received notice from a court with jurisdiction over the entries that suspension of liquidation was removed when the Lifestyle

court issued its decision on February 5, 2013.  See Pl.'s Compl. ¶¶ 49, 57, 58.  Thus, according to Plaintiff's own argument, Plaintiff is challenging a decision by CBP as to the appropriate time for liquidation.  Such a decision would have been protestable under 19 U.S.C. § 1514(a)(5), as the court held in Fujitsu.  Whether such a protest has merit is an issue the court does not reach.  What matters for purposes of jurisdiction is that Plaintiff alleges that CBP did not recognize the goods had been deemed liquidated and, therefore, liquidated them.

Plaintiff's attempt to analogize its claim to one challenging the substance of Commerce's liquidation instructions is similarly unavailing.  As Defendant explains, Shinyei Corp. of Am. v. United States, 524 F.3d 1274 (Fed. Cir. 2008) ("Shinyei II"), is inapposite and "d[id] not address whether deemed liquidations are protestable events."  The United States' Reply Supp. Mot. Dismiss 3, April 24, 2015, ECF No. 38.  In Shinyei Corp. of Am. v. United States, 355 F.3d 1297 (Fed. Cir. 2004) ("Shinyei I") the Court of Appeals reversed the Court of International Trade's dismissal of an action where the plaintiff challenged Commerce's liquidation instructions as incorrectly implementing Commerce's final administrative review results.  See Shinyei II, 524 F.3d at 1279–80.  In Shinyei II, the Court of Appeals held "that nothing in the deemed-liquidation statute forbids the Court of International Trade from ordering reliquidation as a remedy for Commerce's failure to comply with 19 U.S.C. § 1675(a)(2)(C) in its liquidation instructions to Customs."  Id. at 1282.  Moreover, the Court of Appeals explained in both Shinyei II and Koyo Corp. of U.S.A. v. United States, 497 F.3d 1231 (Fed. Cir. 2007), that deemed liquidations contrary to the final results are unlawful and may be protested where Customs errs or

may be challenged under § 1581(i) where Commerce errs in issuing its liquidation instructions.  Shinyei II, 524 F.3d at 1283–84; Koyo Corp., 497 F.3d at 1237–38.  The distinguishing factor in all the cases Plaintiff cites is that the party challenged a decision made by another agency, not CBP's decision to liquidate.  See Shinyei I, 355 F.3d at 1306 (explaining that the plaintiff's action challenged the rate in Commerce's liquidation instructions as inconsistent with a final court decision, a Commerce decision not listed in 19 U.S.C. § 1516a); Target Corp. v. United States, 34 CIT 1570, 1573–74  (Dec. 23, 2010) (granting a preliminary injunction where the plaintiff claimed that the liquidation instructions at issue were inconsistent with the final results of an administrative review); Celta Agencies, Inc. v. United States, 36 CIT __, __, 865 F. Supp. 2d 1348, 1350 (2012) (dismissing the plaintiff's claim that liquidation instructions unlawfully directed Customs to assess duties on the plaintiff's entry at the all others rate because § 1581(a) was unavailable and the case was untimely for purposes of the court's § 1581(i) jurisdiction); Conoco, Inc. v. U.S. Foreign-Trade Zones Bd., 18 F.3d 1581, 1586 (Fed. Cir. 1994) (finding jurisdiction under § 1581(i) for the plaintiff's challenge to Foreign Trade Zones Board's imposition of conditions on the grant of subzone status because there was no protestable CBP decision).

For the foregoing reasons, Plaintiff's claims are dismissed with prejudice.  The court will issue a judgment in accordance with this opinion.

                         /s/ Claire R. Kelly
                         Claire R. Kelly, Judge

Dated: June 9, 2015
      New York, New York